**Mayra A. Ledesma**, OSB #183942
mayra@nwjp.org
**Bonnie Allen-Sailer**, OSB#145178
bonnie@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 225
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **NAVOR VILLA**, an individual<br><br>Plaintiff,<br><br>v.<br><br>**AMERICA 1st ROOFING & BUILDERS INC.**, a Washington corporation,<br><br>Defendant. | Case No. 3:21-cv-1058<br><br>COMPLAINT<br><br>Fair Labor Standards Act<br>(29 U.S.C. § 201 *et seq.*),<br>Oregon and Washington<br>Wage and Hour Laws,<br>Oregon Unlawful Employment Practices<br><br>DEMAND FOR A JURY TRIAL |

## I.  INTRODUCTION

1. Navor Villa ("Plaintiff") brings this action against his former employer, America 1st Roofing & Builders Inc. ("Defendant"), under the Fair Labor Standards Act ("FLSA," 29 U.S.C. § 201 *et seq.*). Mr. Villa seeks unpaid wages, and overtime wages, due to him under 29

U.S.C. §§ 206 and 207. Additionally, plaintiff seeks liquidated damages and attorney fees under 29 U.S.C. § 216(b).

2. Plaintiff also seeks overtime wages, unpaid wages, penalty damages, and attorney fees for violations of Oregon and Washington wage and hour law (Or. Rev. Stat. §§ 652.140, 652.150, 652.200, 653.055, 653.261; Or. Admin. R. 839-020-0030; Wash. Rev. Code §§ 49.48.030, 49.46.090, 49.46.130, 49.52.050, and 49.52.070).

3. Plaintiff further alleges Defendant retaliated against Plaintiff for applying for benefits and/or invoking or using the procedures under Oregon's workers' compensation system. Plaintiff seeks compensation for lost wages and emotional distress resulting from Defendant's retaliatory termination of Plaintiff and failure to reinstate and/or reemploy Plaintiff in violation of Or. Rev. Stat. §§ 659A.040, 659A.043, 659A.046. Under Or. Rev. Stat. 659A.885, Plaintiff is entitled to compensatory damages and attorney's fees.

## II.  JURISDICTION

4. This Court has jurisdiction of this action under 28 U.S.C. § 1331, because this action arises under the laws of the United States; 28 U.S.C. § 1337, because this action arises under Acts of Congress regulating commerce; and the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. The Court has supplemental jurisdiction over the state claims because the state claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

///

2 - COMPLAINT

### III.   PARTIES

7. Plaintiff Navor Villa is a natural person who lives in Marion County, Oregon.

8. Defendant America 1st Roofing & Builders Inc. is a corporation registered in the state of Washington. America 1st Roofing & Business Inc. operates a roofing, siding, and construction business that performs work in Washington and Oregon, including throughout the Portland Metro area. Defendant maintains a principal place of business in Sherwood, Oregon.

### IV.   FACTS

9. Plaintiff was hired by Defendant as a roofer beginning in or around January 2018.

10. Plaintiff regularly performed work for Defendant in Oregon and Southwest Washington.

11. At all relevant times, Defendant was engaged in interstate commerce.

12. Plaintiff was employed to do roofing and other assorted construction work.

13. Plaintiff was primarily paid based on a piece rate based on the number of roofing "squares" that he completed.

14. Plaintiff also received an hourly rate for some non-roofing related work.

15. In addition to onsite roofing and related work, Plaintiff was regularly required to begin his work at Defendant's shop in Sherwood, Oregon. There, he was required to load tools and materials and transport them to various work sites.

16. Plaintiff was also sometimes assigned to pick up co-workers at the beginning of the day and transport them to the work site.

17. At the end of the day, Plaintiff was responsible for returning the tools and remaining materials to the shop.

18. Plaintiff typically performed work at the shop four days a week for an average of one hour each day.

19. The travel time the Sherwood workshop and the various job sites varied from ten minutes to one and a half hours.

20. Defendant did not pay Plaintiff for the work done at the workshop or for transporting materials and coworkers to jobsites from the Sherwood workshop.

21. Plaintiff regularly worked more than forty hours in a week.

22. Defendant did not pay Plaintiff an overtime premium of 1.5 times his regular rate of pay for hours over 40.

23. Among other weeks, Plaintiff worked approximately 57.5 hours during the week beginning September 30, 2019, including time spent roofing and loading and transporting tools and materials. Most of this work occurred in Washington.

24. For that week, Plaintiff was compensated based on his piece rate applicable to his roofing work. Plaintiff did not receive an overtime premium for hours worked beyond forty hours. He received approximately $1,560.77 for the week, far less than the approximately $1,797.96 should have been paid.

25. In addition, among other weeks, Plaintiff worked for approximately 46.3 hours during the week beginning February 2, 2020, including time spent roofing and loading and transporting tools and materials. Most or all of this work occurred in Oregon.

26. For that week of work, Plaintiff was compensated based on his piece rate applicable to his roofing work. Plaintiff was not paid for his work at the shop or in transit to the jobsite and he did not receive an overtime premium for the hours worked beyond forty hours. He

4 - COMPLAINT

received approximately $1,584.80 for that week, far less than the approximately $1,693.21 he should have been paid.

27. During the pay period that included the week running from February 1, 2020, to February 15, 2020, Plaintiff worked approximately 101.25 hours, including 21.25 hours of overtime, and was paid $3,396 for his work. Including overtime premiums, he should have received $4,043. Plaintiff worked in both Oregon and Washington during this pay period.

28. Among other weeks, Defendant's failure to pay Plaintiff for all of his work resulted in Plaintiff being paid less than the minimum wage. For the pay period running for May 16, 2018, to May 31, 2018, Plaintiff worked approximately 117.5 hours, including 29 hours of overtime. At least some of this work occurred in Oregon. He received approximately $1,530 for that pay period, $55 less than he was entitled to under Oregon's minimum wage laws.

29. Defendant's failure to pay wages as alleged herein was willful.

30. On or around April 3, 2020, Plaintiff suffered workplace injury while at a jobsite in Canby, Oregon. Plaintiff notified his supervisor of the injury, who made an accident report and gave Plaintiff three days off to recover.

31. When his condition did not improve, Plaintiff went to a clinic on or around April 7, 2020, where he was diagnosed with a lumbosacral strain due to his workplace injury.

32. A workers' compensation claim was filed on Plaintiff's behalf on or around April 7, 2020. The claim was accepted and Plaintiff received benefits under the workers' compensation system.

33. Plaintiff received a limited work release with restrictions on lifting, pushing, pulling, climbing, twisting, and standing. Additionally, Plaintiff was to alternate between standing, walking, and sitting every thirty minutes.

34. Plaintiff returned to work on or around April 9, 2020, to perform light duty work as mandated by his restrictions. However, Plaintiff's supervisor would frequently assign Plaintiff work that was outside his restrictions and become upset when Plaintiff would sit to rest.

35. On or around June 25, 2020, Plaintiff's work restrictions were removed. Plaintiff was able to return to full duty without restrictions as of June 26, 2020.

36. Plaintiff promptly provided his supervisors with the doctor's note removing Plaintiff's restrictions and asked to be reinstated to his previous position.

37. Defendant did not reinstate Plaintiff to his previous position.

38. On or around July 27, 2020, Defendant informed Plaintiff he was terminated without ever reinstating him to his previous position.

39. Defendant did not provide a reason or explanation for terminating Plaintiff without providing any reason or explanation aside from it being "on the order of the boss."

40. Plaintiff does not know the identity of the boss who purportedly ordered his termination.

41. Plaintiff sent a handwritten note to Defendant that asked for the reason for his termination and provided a phone number where he could be reached. He did not receive a response to his inquiry.

42. As a result of Defendant's conduct as alleged herein, Plaintiff suffered from a great deal of stress and emotional distress. Plaintiff experienced headaches, reduced appetite, difficulty sleeping, strained familial relationships due to financial hardship, and a general loss of enjoyment of life.

43. Plaintiff has, to date, been unable to find equivalent employment.

44. Plaintiff, through his attorney, sent a letter to Defendant on or around May 26, 2021, asking for payment of Plaintiff's wages. This letter was received by Defendant on May 28, 2021.

45. Defendant still has not paid Plaintiff all of his wages.

## V.    CLAIMS FOR RELIEF

### First Claim—29 U.S.C. § 207: FLSA Overtime

46. Defendant violated the law when it did not pay Plaintiff overtime wages at a rate of one and a half his regular rate of pay for time worked in excess of forty hours per week.

47. Under 29 U.S.C. § 216(b), Plaintiff is entitled to damages in the amount of Plaintiff's unpaid overtime wages, an amount equal to the unpaid overtime wages as liquidated damages, and reasonable attorney's fees.

### Second Claim—Or. Rev. Stat. § 653.261: Oregon Overtime

48. Defendant violated Or. Admin. R. 839-020-0030, promulgated under Or. Rev. Stat. § 653.261, by failing to pay Plaintiff overtime wages at a rate of one and a half his regular rate of pay for time worked in excess of forty hours per week.

49. Plaintiff is entitled under Or. Rev. Stat. § 653.261 and Or. Rev. Stat. § 653.055 to the amount of Plaintiff's unpaid overtime premiums, plus statutory penalty wages of 240 times the Plaintiff's regular rate of pay.

50. Plaintiff was required to obtain the service of an attorney and is entitled to recover attorney fees and costs pursuant to Or. Rev. Stat. § 652.200(2) and Or. Rev. Stat. § 653.055(4).

### Third Claim—Or. Rev. Stat. § 653.025: Minimum Wage

51. Defendant violated Or. Rev. Stat. § 653.025 by failing to pay Plaintiff for all hours worked for Defendant at an hourly rate equal to or exceeding Oregon's minimum wage.

7 - COMPLAINT

52. Plaintiff seeks relief pursuant to Or. Rev. Stat. § 653.055 for full amount of wages due and statutory penalty wages of 240 times the Plaintiff's regular rate of pay.

53. Plaintiff was required to obtain the service of an attorney and is entitled to recover attorney fees and costs pursuant to Or. Rev. Stat. § 652.200(2) and Or. Rev. Stat. § 653.055(4).

### Fourth Claim—Or. Rev. Stat § 652.140: Payment of Wages on Termination of Employment

54. Defendant failed to pay Plaintiff wages due upon termination within the time period specified by Or. Rev. Stat. § 652.140.

55. In accordance with Or. Rev. Stat. § 652.150, Plaintiff is entitled to recover penalty damages in an amount equal to 240 times the Plaintiff's regular rate of pay, and to reasonable attorneys' fees.

56. Plaintiff was required to obtain the service of an attorney and is entitled to recover attorney fees and costs pursuant to Or. Rev. Stat. § 652.200(2).

### Fifth Claim— Wash. Rev. Code § 49.46.130: Washington Overtime

57. Defendant violated Wash. Rev. Code § 49.46.130 by failing to pay Plaintiff time and a half for time worked in excess of forty hours per week.

58. Defendant's violations of Wash. Rev. Code § 49.46 were willful and made with the intent to deprive Plaintiff of wages and thus give rise to exemplary damages of twice the amount of wages unlawfully withheld, attorneys' fees and costs under Wash. Rev. Code §§ 49.52.050 and 49.52.070.

59. Defendant's violations of Wash. Rev. Code § 49.46 also entitles Plaintiff to his unpaid overtime wages, plus exemplary damages of twice the amount of wages unlawfully withheld, and reasonable attorneys' fees and costs under Wash. Rev. Code § 49.46.090.

### Sixth Claim— Wash. Rev. Code § 49.48.010: Washington Wages Due Upon Termination

60. Defendant violated Wash. Rev. Code 49.48.010 and Wash. Admin. C. 296-126-023 by failing to pay all wages due before the end of the established pay period.

61. Defendant's violations of Wash. Rev. Chapter 49.46 were willful and made with the intent to deprive Plaintiff of wages and thus gave rise to exemplary damages under

62. Plaintiff is entitled to double exemplary damages for the violation of Wash. Rev. Code § 49.48.010.

### Seventh Claim— Or. Rev. Stat. § 659A.040: Oregon Unlawful Employment Practice (Discrimination against injured employee)

63. Defendant violated Or. Rev. Stat. § 659A.040 by harassing and ultimately discharging Plaintiff in retaliation for Plaintiff for applying for benefits and/or invoking or utilizing Oregon Workers' Compensation procedures.

64. Plaintiff seeks back pay and compensatory damages or $200.00, whichever is greater, and attorneys' fees and costs pursuant to O.R.S. § 659A.885(1),(3).

### Eighth Claim— Or. Rev. Stat. § 659A.043: Oregon Unlawful Employment Practice (Failure to reinstate employee to former position)

65. Defendant violated Or. Rev. Stat. § 659A.043 by failing to reinstate Plaintiff to his previous position once his injury had healed to the point that he could return to work without restriction.

66. Plaintiff seeks back pay and compensatory damages or $200.00, whichever is greater, and attorneys' fees and costs pursuant to O.R.S. § 659A.885(1),(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court provide the following relief:

1. Award Plaintiff his unpaid wages pursuant to 29 U.S.C. § 207;

9 - COMPLAINT

2. Award Plaintiff an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

3. Award Plaintiff his unpaid Oregon minimum and overtime wages pursuant to Oregon law;

4. Award Plaintiff penalty wages in the amount of 240 times Plaintiff's wage rate pursuant to Or. Rev. Stat. § 653.055;

5. Award Plaintiff penalty wages in the amount of 240 times Plaintiff's wage rate pursuant to Or. Rev. Stat. § 652.150;

6. Award Plaintiff his unpaid Washington overtime wages pursuant to Washington Law;

7. Award Plaintiff double exemplary damages for willful violations of the Washington wage laws pursuant to Wash. Rev. Code § 49.52.070;

8. Award Plaintiff exemplary damages for failing to pay wages in a timely manner pursuant to Wash. Admin. Code § 296-126-023;

9. Award Plaintiff economic and compensatory damages pursuant to Or. Rev. Stat. § 659A.885 for discriminating against Plaintiff in violation of Or. Rev. Stat. § 659A.040 and failing to reinstate Plaintiff to his former position upon demand as required by Or. Rev. Stat. § 659A.043;

10. Award Plaintiff reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), O.R.S. §§ 652.200, 653.055, 659A.885, R.C.W. §§ 49.46.090, 49.48.030, 49.52.070;

11. Award Plaintiff pre-judgment interest on sums due under the state law claims and post-judgment interest on all claims; and

/ / /

/ / /

/ / /

10 - COMPLAINT

12.     Award Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted this 15th day of July, 2021, by:

s/ Mayra A. Ledesma
**Mayra A. Ledesma**, OSB #183942
mayra@nwjp.org
Attorney for Plaintiff

11 - COMPLAINT